Oldi-ia.m, J. The first question to be determined is whether the court correctly sustained the demurrer to the eighth plea filed by the defendants below. The first breach is for failing to return the executions, and consequently there could be no record of the executions. The breach does not aver that there is any such record; the plea denies what is not averred. A justice’s court is not a court of record. Rev. St. Ch. 43 sec. 13. The demurrer was properly sustained. The remaining question is whether the instructions given by the court to the jury were correct. In the State vs. Roberts, 7 Halst. 114, it was held that “if an execution remain in the hands of a sheriff when his term of office expires, yet it is his duty on his reappointment to execute it, and his neglect is a breach of his new bond.” The executions in the present case came to the hands of the constable seven days before he executed his official bond. After the execution of his bond it was his duty to levy the executions and make return according to law, and for his failure to do so his securities became liable. They were bound for the faithful performance of his duties, from and after the date of the bond. For acts previously done they were not liable. If he received the money upon the executions after the date of the bond the securities were liable for his failure to pay it over. According to the principles thus stated the court correctly refused the instruction asked by the defendants below, and erred in their favor in giving it under the modified form in which it was given. All the other instructions upon this point were correctly givem By the pleadings the defendants confessed that the money was received by Faulkner as constable, but averred that it was before the date of the bond; they averred an affirmative fact, which it devolved upon them to prove and consequently the last instruction was correct. We are of opinion that the evidence authorized the verdict and that a new trial was properly refused. Affirmed.